UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAHRAN MECHANIC, § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | CIVIL ACTION H-06-3524 |
| § | | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.* § | | |
| *Defendants*. § | | |

**MEMORANDUM AND ORDER**

Before the court is the defendants' motion to remand this action to the Houston District Office of the United States Citizenship and Immigration Services (CIS), Dkt. 7, and the FBI's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 6. For the following reasons, the motion to remand is GRANTED, with instructions. The FBI's motion to dismiss is DENIED as moot.

Plaintiff Bahran Mechanic is a citizen of Iran and lawful permanent resident of the United States. Mechanic is seeking to become a naturalized citizen and to that end filed an application for naturalization on or about June 25, 2004. The CIS interviewed Mechanic on January 18, 2005, triggering a statutorily prescribed 120-day period for the CIS to complete the naturalization process. *See* 8 U.S.C. § 1447(b); *see also El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005) (interview date triggers statutory period); *Khan v. Chertoff*, 2006 WL 2009055, at *1-*2 (D. Ariz. 2006) (listing decisions to the same effect). Mechanic's application remained pending for almost two years as the CIS investigated a positive FBI name check, completed on May 6, 2003, and other information contained in an Interagency Border Inspection System (IBIS) check. On November 14, 2006, the Houston CIS district director invoked 8 C.F.R. § 103.2(b)(18) and ordered Mechanic's naturalization application to remain in abeyance to allow further review of these checks. *See* 8

C.F.R. § 103.2(b)(18) (vesting discretion in the CIS district director to withhold adjudication of an application during an ongoing investigation, when disclosure of any details would prejudice that investigation). Because of these delays, Mechanic brings this action pursuant to 8 U.S.C. § 1447(b). This statute provides:

> If there is a failure to make a determination [for naturalization] under section 1146 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

The issue of delayed naturalization under section 1447 has been treated in numerous opinions in the last several years. This court has previously adopted the approach of other district courts of "remand[ing] the matter, with appropriate instruction, to the" CIS, and nothing in the present case suggests that the court should deviate from that approach at this time. *See Eng v. Chertoff*, 2006 WL 2442894 (S.D. Tex. 2006) (Miller, J.); *see, e.g.*, *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842-43 (E.D. Mich. 2006); *Khan v. Chertoff*, 2006 WL 2009055, at *2 (D. Ariz. 2006); *Al-Kudsi v. Gonzales*, 2006 WL 752556, at *3 (D. Or. 2006); *Castracani v. Chertoff*, 377 F. Supp. 2d 71, 75 (D.D.C. 2005); *see also Immigration & Naturalization Serv. v. Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands").[1]

---

[1] In fact, the CIS's invocation of 8 C.F.R. § 103.2(b)(18) to delay adjudication of Mechanic's application strengthens the court's reasoning for remand. Other district courts facing this issue have not disturbed the CIS's *discretionary* decision to withhold adjudication pending further investigation, especially when the affected party has not challenged the agency's compliance with section 103.2(b)(18). *See Zahani v. Neufeld*, No. 6:05 CV 1857 ORL 18J, 2006 WL 2246211, at *3 (M.D. Fla. June 16, 2006) (holding that the timing of adjudication was within the discretion of the CIS and not subject to mandamus relief); *Mustafa v. Pasquarell*, No. Civ.SA05CA-658-XR, 2006 WL 488399, at *4 (W.D.

Accordingly, this case is remanded to the CIS for further proceedings. The Department of Homeland Security is instructed to complete its investigation regarding Mechanic's FBI and Interagency Border Inspection System's (IBIS) checks as expeditiously as practicable and make a prompt determination on Mechanic's application. This case will be administratively closed, but should further court review prove necessary, Mechanic may reinstate this action.

It is so ORDERED.

Signed at Houston, Texas, on February 20, 2007.

_____
Gray H. Miller
United States District Judge

---

Tex. Jan. 10, 2006) (refusing to grant mandamus relief upon a challenge of agency inaction, when there was no indication or argument by counsel that CIS did not comply with section 103.2(b)(18)). Mechanic has not questioned the Houston director's decision, and this court sees no reason to do so *sua sponte*. Remand remains the most prudent option in these circumstances so that the CIS may complete the background reviews necessary for the resolution of Mechanic's naturalization application.